(C. D. 852)

Martino, Inc. *v.* United States

United States Customs Court, Third Division

(Decided May 17, 1944)

*Tompkins & Tompkins (Allerton deC. Tompkins* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Frank X. O'Donnell, Jr.,* special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: Two shipments of liquor that arrived at the port of New York were sent to Philadelphia under a warehouse and transportation entry in March 1934, and at the latter port a rewarehouse entry was made and they were placed in bonded warehouse without payment of duty. There they remained for 5 years, the statutory period of 3 years (section 559 of the Tariff Act of 1930), plus two extensions of 1 year each granted under authority of T. D. 49343. At the expiration of the bonded period, as extended, to wit, in March 1939, no action having been taken by the importing company, the liquor was, as expressed in section 559, *supra,* "regarded as abandoned to the Government." Thereupon it was removed by the Government from the warehouse where it had been stored by the importer to the appraiser's stores to be sold at auction. Having been received too late for the 1939 sale, it was withheld from the 1940 sale at the request of the importer, and therefore was still in Government custody on July 1, 1940, when section 213 of the Revenue Act of 1940 (54 Stat. 524) went into effect. That section increased the rate of tax on distilled spirits generally from $2.25 to $3 per proof gallon. On October 30, 1940, the importer filed withdrawals for the liquor, paid the customs duties (which are not here in issue), and the internal revenue tax at the rate of $3 per proof gallon, together with other charges not here in question, and obtained possession of the merchandise.

The importer's counsel contends that the rate which was in effect "at the time of abandonment" that is, when the bonded period as extended had expired, viz, $2.25 per proof gallon, was the legal rate under section 710 of the Revenue Act of 1938 (Section 2800 (a) (1), I. R. C.), and this is the sole issue in the case.

We find no basis either in the statute law or the decisions of the courts to support this contention. We have examined the cases cited in counsel's brief and also the customs regulation (Art. 828 (1), Customs Regulations of 1937) and find that they relate only to customs duties and have no application here. The fact remains that on July 1, 1940, when the rate of internal revenue tax was changed from $2.25 per gallon to $3 per gallon the liquor was in customs custody, with the customs duties, internal revenue taxes and other charges unpaid, and still under the warehouse bond which was given by the importer on entry. Counsel for the plaintiff asserts in his brief "The liquor in question was 'in bond' until March 1939; after that date it was not 'in bond,' since the bonds were canceled." The failure of an obligor to perform his obligation under a bond is certainly no reason for "cancelation" of the bond. The conditions of the bond were unsatisfied but such bonds have supported actions by the Government for a deficiency judgment, when, in the event of a sale of goods treated as abandoned (as were the goods here in suit) and sold, the proceeds of the sale were insufficient to pay the duties and other charges on the merchandise. See *Scherk Importing Co.* v. *United States*, 17 C. C. P. A. (Customs) 135, T. D. 43470; *United States* v. *Judson*, 9 F. Supp. 256; and *United States* v. *McKetrick*, 9 F. Supp. 495.

It is quite clear that the liquor was, at the date of the enactment of the Revenue Act of 1940, literally under bond and undelivered and subject to any changes in the revenue laws made by said act. While that act did not in express terms provide for such a contingency as in issue here, we think a very strong light is thrown on the intent of Congress touching liquor already imported or released by section 213 (h) of said revenue act imposing the so-called "Floor Stocks Tax." That section extended the new, increased revenue tax on liquor to such liquor as had been imported or manufactured and released for sale or use, after all of the then obligations to the Government had been discharged. If liquor upon which all its obligations to the Government had been paid and which had been released to dealers for sale or use was subject to the increased tax under the Revenue Act of 1940, how can it be reasonably argued that liquor still in the hands of the Government, with duties and taxes unpaid, was not subject to the provisions of that act?

For the reasons above set forth we hold that the plaintiff's claims should be and the same hereby are overruled.

Judgment will be rendered for the defendant.